United States District Court
Southern District of Texas
**ENTERED**
July 20, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS GARCIA, JR. AND DORA GARCIA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:18-cv-075 |
| DEUTSCHE BANK TRUST COMPANY AMERICAS F/K/A BANKERS TRUST COMPANY, et al., Defendants. | § § § § § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Defendant Deutsche Bank Trust Company Americas' "Motion to Dismiss Original Petition" (Defendant's "Motion"). Dkt. No. 3. Because Plaintiffs did not file a response, Defendant's Motion is unopposed. S.D. Tex. Local Rule 7.4. For the reasons stated herein, it is recommended that Defendant's Motion be **GRANTED**. It is further recommended that the instant action be **DISMISSED** and the Clerk of the Court be directed to close this case.

### I. Background and Procedural History

Defendant timely removed this civil action from the 197th Judicial District Court of Cameron County, Texas, on May 11, 2018. Dkt. No. 1. Plaintiffs' state court petition sought to enjoin Defendant from foreclosing on their home. Dkt. No. 1-1. On May 14, 2018, Defendant filed the instant Motion, contending that Plaintiffs had failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Dkt. No. 3. Plaintiffs, through attorney Larry Warner, subsequently filed a "Motion for Extension of Time to Respond to Notice of Removal" and a "Motion for Discretionary Remand before the Court Expends Significant Resources on this Matter Initiated in State Court." Dkt. Nos. 6, 7. Plaintiffs argued that this case should be remanded to state court due to the Court's busy criminal docket and the original petition's reliance on state law. Dkt. No. 7. The Court set this matter for a hearing and heard arguments of the parties on June 19, 2018. Minute entry dated June 19, 2018. The Court denied both motions. Dkt. No. 16. Plaintiffs have not filed a response to Defendant's Motion or sought leave to amend their complaint.

## II. Legal Standard

**FED. R. CIV. P. 12(b)(6)**. Rule 12(b)(6) provides for dismissal of a cause of action based on the plaintiff's failure to state a claim upon which relief could be granted. FED. R. CIV. P. 12(b)(6). "Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008). All well-pleaded facts will be taken as true and viewed in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). But any allegations in the complaint which are conclusory will not be afforded a presumption of truth. *Johnson v. E. Baton Rouge Fed'n of Teachers*, No. 17-30175, 2017 WL 3772887, at *1 (5th Cir. Aug. 30, 2017) (per curiam). Therefore, a complaint must contain

sufficient factual matter that states a claim to relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Legal conclusions that are "naked assertions devoid of further factual enhancement" or mere "formulaic recitation of [a claim's] elements" are not enough. *Id.* Instead, factual allegations are facially plausible when they allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* Finally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)) (internal citations omitted).

### III. Discussion

Defendant's Motion describes Plaintiffs' pleading as "a cookie-cutter petition that was recently considered and dismissed by this Court." Dkt. No. 3 at 1. Defendant contends that the case should be dismissed because Plaintiff is seeking injunctive relief alone, with no supporting legal cause of action. Because Defendant

is correct, dismissal under Rule 12(b)(6) is appropriate.

The Court incorporates by reference its Report & Recommendation issued in *Martinez v. Ocwen Loan Servicing, LLC*, No. 1:17-cv-00106, 2018 WL 1413340 (S.D. Tex. Feb. 2, 2018), *adopted by*, 2018 WL 1415222 (S.D. Tex. Mar. 20, 2018). There, the Court considered a nearly identical petition filed by plaintiffs who were also represented by attorneys Larry Warner and Juan Angel Guerra, Plaintiffs' counsel in this case. *Id.* The Court had repeatedly notified the plaintiffs that their petition failed to state a federal cause of action. *Id.* The Court stated: "This case is no longer in state court, and Plaintiffs must state a claim sufficient to survive a Rule 12(b)(6) challenge, or show that they lack an adequate remedy at law." *Id.*

This is still true. A request for an injunction is a request for "an equitable remedy, not a cause of action." *Brittingham v. Ayala*, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied); *see also Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (to receive injunctive relief, plaintiff must first plead an underlying viable cause of action); *Brown v. Ocwen Loan Servicing*, A–14–CV–998–LY–ML, LLC, 2016 WL 7479564, at *3 (W.D. Tex. 2016), *adopted by*, 2016 WL 7616660 (W.D. Tex., 2016) (same); *Barcenas v. Federal Home Loan Mortg. Corp.*, No. H–12–2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013) (same). To obtain equitable relief *without* stating a legal cause of action, the plaintiff is required to first show that no adequate legal remedy exists. *Campbell v. Wilder*, 487 S.W.3d 146, 152 (Tex. 2016) (citing *Butnaru*, 84 S.W.3d at 210*); LaSalle Bank Nat. Ass'n v. White*, 246 S.W.3d 616, 619 (Tex. 2007).

As in *Martinez*, Plaintiffs' petition again only alleges violations of a number of requirements related to foreclosure sale notice and loss mitigation. Plaintiffs do not tie these facts to a particular legal cause of action. Nor have Plaintiffs shown the lack of an adequate legal remedy in this case. "Numerous statutory and common law causes of action exist to remedy and prevent the injuries caused by wrongfully initiated foreclosure proceedings," but "Plaintiffs have not shown that such causes of action are unavailable to them, nor have they shown the inadequacy of the remedies provided by such causes of action." *Martinez*, 2018 WL 1413340.

The only substantive difference between Plaintiffs' petition and the petition dismissed in *Martinez* is the addition of language pertaining to the Home Affordable Modification Program ("HAMP"). Dkt. No. 1-1 at 12, 13. Plaintiffs' petition states that "Plaintiffs . . . bring this suit to challenge the failure of Defendants . . . to honor its agreements with Plaintiffs to modify their mortgage and prevent foreclosure under the United States Treasury's [HAMP]." *Id.* at 13. But "HAMP affords no private right of action." *Pennington v. HSBC Bank USA, N.A.*, 493 Fed. Appx. 548, 552-53 (5th Cir. 2012) (per curiam); *see also Cade v. BAC Home Loans Serv., LP*, No. H–10–4224, 2011 WL 2470733, at *5 (S.D. Tex. June 20, 2011) ("Only the government can enforce compliance with HAMP regulations, and it is not required to do so."). Its inclusion in the petition does not state a federal claim.

Plaintiffs have not addressed Defendant's arguments. They have neither responded to Defendant's Motion nor requested additional time to do so. This petition is the third of its kind to be before the Court, and the Court has directed

Plaintiffs' counsel to respond to dispositive motions they wish to dispute. *Martinez*, No. 1:17-CV-00106, Dkt. No. 16; *see also Landin v. J.P. Morgan Mortgage, N.A.*, No. 1:17-CV-00128 (S.D. Tex.). Yet the failure to do so appears to be a recurring pattern. *See, e.g.*, *Beal v. Wilmington Trust, N.A.*, No. 7:17-CV-00476, Dkt. No. 15 (S.D. Tex. June 13, 2018) (dismissing form petition after plaintiffs failed to respond to dispositive motion); *Cruz v. JPMorgan Chase Bank, N.A.*, No. 7:18-CV-00001, Dkt. No. 10 (S.D. Tex. Feb. 1, 2018) (same); *Candanosa v. Ocwen Loan Servicing, LLC*, No. 7:17-CV-00369, Dkt. No. 7 (S.D. Tex. Nov. 13, 2017) (same, and cautioning "Plaintiff's counsel about filing pleadings without factual and/or legal support"). Plaintiffs' counsel have also been warned elsewhere in the Southern District of Texas about their consistent failure to move for leave to amend their foreclosure petitions and allege federal claims upon removal from state court. *See Malo v. Wells Fargo Bank, N.A.*, No. 7:17-CV-00445, Dkt. No. 18 (S.D. Tex. June 11, 2018) (ordering Plaintiffs' counsel to show cause why they should not be sanctioned, and stating "Larry Warner and Juan Guerra have repeatedly been warned against pursuing frivolous foreclosure petitions which are substantively identical to the live pleading in this case"). All this is to say that Plaintiffs' counsel are aware that the form petitions used in these cases do not allege federal claims, and that they must actively participate in their lawsuits once removed to federal court. This encompasses: (1) responding to dispositive motions they wish to dispute, and, (2) if appropriate, amending their pleadings to state federal causes of action. Plaintiffs did not do so in this case, and, because Defendant's Motion sufficiently shows a

failure to state a claim, the case should be dismissed.

## IV. Recommendation

It is recommended that Defendant's Motion be **GRANTED**. It is further recommended that the instant action be **DISMISSED** and the Clerk of the Court be directed to close this case.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 19th day of July, 2018.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**